UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTEENIA C.,

       Plaintiff,

                    3:20-CV-921
  v.                   (DJS)

ANDREW SAUL, *Comm'r of Soc. Sec.*,

       Defendant.

**APPEARANCES:**           **OF COUNSEL:**

LACHMAN & GORTON        PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main Street
Endicott, NY 13761

U.S. SOCIAL SECURITY ADMIN.    MOLLY CARTER, ESQ.
Attorney for Defendant
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

### DECISION and ORDER[1]

  Currently before the Court, in this Social Security action filed by Plaintiff Christeenia C. against the Commissioner of Social Security, are Plaintiff's Motion for

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 9 & 10.

For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision denying Plaintiff disability benefits is reversed and the matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Background

Plaintiff applied for Disability Insurance Benefits on January 3, 2017. Dkt. No. 8, Admin. Tr. ("Tr.") at p. 137. Plaintiff alleged an onset date of January 24, 2016, and alleged disability due to PTSD, anxiety disorder, high blood pressure, and memory loss. Tr. at pp. 166 & 170. Her application was denied. Tr. at pp. 63-68. Plaintiff requested a hearing, and a hearing was held on May 8, 2019 before Administrative Law Judge ("ALJ") Melissa Hammock at which Plaintiff was accompanied by a representative and testified. Tr. at pp. 23-54. The ALJ issued a determination on July 11, 2019, finding Plaintiff was not disabled since the date of her application. Tr. at pp. 7-22. Plaintiff requested review of the ALJ's determination, and the Appeals Council denied the request for review on June 25, 2020. Tr. at pp. 1-6. Plaintiff filed her Complaint in this action on August 13, 2020. Dkt. No. 1.

### B. The ALJ's Decision

In her decision, the ALJ made a number of findings of fact and conclusions of law. First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2022. Tr. at p. 12. The ALJ next found that Plaintiff

had not engaged in substantial gainful activity since January 24, 2016. *Id.* Next, the ALJ found that Plaintiff had the following medically determinable impairments: diabetes mellitus, hypertension, obesity, hyperthyroidism, posttraumatic stress disorder (PTSD), and an anxiety disorder. Tr. at p. 13. Fourth, the ALJ found that Plaintiff did not have an impairment or combination of impairments that has significantly limited or is expected to significantly limit the ability to perform basic work-related activities for 12 consecutive months, and that therefore Plaintiff does not have a severe impairment or combination of impairments. *Id.* The ALJ found that Plaintiff therefore has not been under a disability from January 24, 2016 through the date of her decision. Tr. at p. 19.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or if it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere

scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation

process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff contends that the ALJ erred in determining that her impairments are not severe. Dkt. No. 9, Pl.'s Mem. of Law. Plaintiff argues that her impairments are not so *de minimis* that they could be found to be not severe, and that the ALJ erred in weighing the medical opinions. *Id.*

As described above, at Step Two, the ALJ must determine whether the claimant has a severe impairment that significantly limits his or her physical or mental abilities to do basic work activities. 20 C.F.R. § 404.1520(c). Basic work activities include walking, standing, sitting, lifting, carrying, pushing, pulling, reaching, handling, seeing, hearing, speaking, understanding, remembering and carrying out simple instructions, using judgment, and responding appropriately to supervision, co-workers, and usual work situations. *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (citing *Gibbs v. Astrue*, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008)); *see also* 20 C.F.R. § 404.1522(b).

"Although the Second Circuit has held that this step is limited to 'screening out de minimis claims,' [ ] the 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe.'" *Taylor v. Astrue*, 32 F. Supp. 3d at 265 (quoting *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995); *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y. 1995)); *see also* SSR 85-28 ("An impairment or combination of impairments is found 'not severe' and a finding of 'not disabled' is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities.")). Overall, the claimant retains the burden of presenting evidence to establish severity. *Taylor v. Astrue*,

32 F. Supp. 3d at 265 (citing *Miller v. Comm'r of Soc. Sec.*, 2008 WL 2783418, at \*6-7 (N.D.N.Y. July 16, 2008)). It, however, "is not a heavy burden." *Jimmeson v. Berryhill*, 243 F. Supp.3d 384, 390 (W.D.N.Y. 2017). This is because the analysis at step two "is intended only to screen out the weakest cases." *McIntyre v. Colvin*, 758 F.3d at 151; *see also Schafenberg v. Saul*, No. 20-1283, 2021 WL 2550815 (2d Cir. June 22, 2021) (summary order).

In evaluating the severity of mental impairments, an ALJ is required to utilize a "special technique."

> This technique requires the reviewing authority to determine first whether the claimant has a "medically determinable mental impairment." § 404.1520a(b)(1). If the claimant is found to have such an impairment, the reviewing authority must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," § 404.1520a(b)(2), which specifies four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. § 404.1520a(c)(3). According to the regulations, if the degree of limitation in each of the first three areas is rated "mild" or better, and no episodes of decompensation are identified, then the reviewing authority generally will conclude that the claimant's mental impairment is not "severe" and will deny benefits. § 404.1520a(d)(1).

*Kohler v. Astrue*, 546 F.3d 260, 265-266 (2d Cir. 2008).

In her determination, the ALJ performed the required analysis, finding no limitation in the area of understanding, remembering, or applying information; no limitation in the area of interacting with others; no limitation in concentrating, persisting, or maintaining pace; and a mild limitation in the area of adapting or managing oneself. Tr. at pp. 16-17. The ALJ explained that she considered the opinion evidence of record in making these determinations. In particular, she gave great weight to psychological

consultant S. Bhutwala, Ph.D's determination that Plaintiff had no more than mild limitations. She gave this opinion great weight because Dr. Bhutwala is a qualified psychologist who reviewed the available medical evidence, and the opinion "generally reflects the lack of abnormal objective findings throughout the greater part of the relevant period, as well as the lack of mental health treatment since early 2017 and the lack of any treatment records for most of 2018 and early 2019." Tr. at p. 18. She detailed that this conclusion "also accounts for Dr. Slowik's overall mild findings despite the claimant's significantly anxious presentation, as those findings are not reflected in the longitudinal evidence, and a single instance is generally an insufficient basis for a finding of severity." *Id.*

The ALJ gave Dr. Slowik's opinion partial weight, according "greater weight to the more comprehensive opinion of Dr. Bhutwala," explaining as follows:

> consultative examiner Amanda Slowik, Psy.D. concluded the claimant had mild limitations in understanding, remembering, and applying simple instructions, but she had moderate limitations in doing the same for complex instructions and in using reason and judgment to make work related decisions (Exhibit 5F/5-6). Dr. Slowik indicated the claimant had moderate difficulty interacting adequately with supervisors, coworkers, and the public, and moderate to marked limitations sustaining an ordinary routine and regulating her emotions (Id.). However, the doctor then contrarily stated the claimant's psychiatric issues "may" be significant enough to interfere with her daily functioning (Id.). Dr. Slowik's opinion is somewhat vague, using ranges of functioning rather than drawing a firm conclusion, and using hedging language like "may," which takes away from the persuasiveness of her opinion. Moreover, the opinion itself is internally inconsistent, first endorsing some moderate to marked mental limitations, but then concluding that her impairments "may" affect her functioning. Finally, Dr. Slowik's opinion is not fully consistent with her actual objective findings, which were a very anxious appearance and mild impairments in the claimant's memory, attention, and concentration (Exhibit 5F/4-5). Such findings do not translate to moderate or marked

> limitations over the entire longitudinal record, and that inconsistency suggests the consultant based her opinion partly on the claimant's reported symptoms, instead of objective observation and reliance on the past medical findings.

*Id.* Finally, the ALJ gave little weight to the opinion of treating source Carly McKillop, FNP, who had opined that Plaintiff had moderate limitations in the relevant functional areas and that her symptoms would cause her to miss two days of work per month and be off task 16 to 20 percent of the time. Tr. at pp. 18-19; *see* Tr. at pp. 345-46. The ALJ discounted this opinion because it did not correspond to longitudinal objective findings, noting that Plaintiff had "generally normal mental functioning after she quit her job in early 2016 and started taking a higher dose of Effexor," and concluding that "there is insufficient objective basis for Ms. McKillop's opinion, especially considering the lack of mental health treatment since March 2017 and the nearly year-long gap in her own treatment records from May 2018 through April 2019." Tr. at p. 19.

The ALJ must consider a number of factors in determining the weight he or she gives to any acceptable medical opinion, which include the examining relationship, treatment relationship, supportability, consistency, and specialization of the medical source. 20 C.F.R. § 404.1527(c). ALJs should also consider the same factors for opinions from medical sources who are not acceptable medical sources. 20 C.F.R. § 404.1527(f). "An adjudicator should also explain the weight given to the various opinions on which he relies, and generally 'ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning.'"

*Swigonski v. Astrue*, 2009 WL 3734845, at *7 (W.D.N.Y. Nov. 4, 2009) (quoting SSR 06-03p).

The Court finds a number of unclear and seemingly unsupported statements contained within the ALJ's determination, sufficient to find there is error in the determination. Initially, in giving great weight to Dr. Bhutwala's opinion, the ALJ writes that it is more comprehensive than that of Dr. Slowik. Tr. at p. 18. Dr. Bhutwala's evaluation was based on a review of the records and contained a brief explanation of the determination which included a description of Dr. Slowik's consultative examination and treatment notes from one other date. Tr. at p. 59. Dr. Slowik's evaluation contains multiple pages of observations from her personal interactions with Plaintiff and is followed by a detailed opinion regarding Plaintiff's abilities. Tr. at pp. 325-30. Given this, it is not apparent to the Court how the ALJ reached the conclusion that Dr. Bhutwala's opinion is more comprehensive than that of Dr. Slowik. In addition, the ALJ writes that Dr. Bhutwala's opinion "accounts for Dr. Slowik's overall mild findings." Tr. at p. 18. This is a mischaracterization of Dr. Slowik's findings, which opined a mild limitation in the ability to understand, remember, and apply simple directions and instructions; moderate limitations in the ability to understand, remember, and apply complex directions and instructions, use reason and judgment to make work-related decisions, interact adequately with supervisors, coworkers, and the public, and sustain concentration; and a moderate to marked limitation in the ability to sustain an ordinary routine and regulate emotions. Tr. at p. 328. These findings are not mild. Thus, basing

the weight given to Dr. Bhutwala's opinion in part on its consistency with Dr. Slowik's findings was unsound.

The Court also finds error in the ALJ's analysis of Dr. Slowik's opinion. Dr. Slowik's full medical source statement provided:

> The claimant's ability to understand, remember, and apply simple directions and instructions is mildly limited. The claimant's ability to understand, remember, and apply complex directions and instructions, use reason and judgment to make work-related decisions, interact adequately with supervisors, coworkers, and the public, and sustain concentration is moderately limited. The claimant's ability to sustain an ordinary routine and regulate emotions is moderately to markedly limited. The claimant's ability to maintain personal hygiene and be aware of normal hazards is not limited. Difficulties are caused by distractibility and anxiety. The results of the present evaluation appear to be consistent with psychiatric issues, which may be significant enough to interfere with the claimant's ability to function on a daily basis.

Tr. at pp. 328-29. The ALJ discounted the opinion because the opinion was vague, internally inconsistent, is based in part on reported symptoms, and utilizes the word "may" in stating that Plaintiff's psychiatric issues "may" be significant enough to interfere with her daily functioning. Tr. at p. 18. The ALJ explained that the opinion "is somewhat vague, using ranges of functioning rather than drawing a firm conclusion." *Id.* She also found that the "opinion is not fully consistent with her actual objective findings, which were a very anxious appearance and mild impairments in the claimant's memory, attention, and concentration." *Id.* Having reviewed the opinion, the basis for the ALJ's conclusion that Dr. Slowik's opinion is vague or internally inconsistent is not self-evident to the Court. Nor does the Court find that the ALJ's analysis is sufficient for the Court to evaluate whether it is well supported in the record.

- 11 -

The ALJ additionally found that Dr. Slowik's statement that Plaintiff's psychiatric issues "may" be significant enough to interfere with her daily functioning was "contrary" to her finding that she had moderate difficulty interacting adequately with supervisors, coworkers, and the public, and moderate to marked limitations sustaining an ordinary routine and regulating her emotions. Tr. at p. 18. She found that this language contributed to the vagueness, and the "hedging language like 'may,' [ ] takes away from the persuasiveness of her opinion." *Id.* While it is conceivable that the term "may" might lessen the strength of an opinion to the extent that an opinion that issues "will interfere" would be stronger than opining that issues "may interfere," the use of the word "may" strikes the Court as a medical professional expressing the lack of certainty that is inherent in characterizing to what extent an ailment will affect a person's functioning. This seems particularly true when dealing with mental impairments. The ALJ simply fails to explain why she concluded that the use of the word "may" rendered the Slowik opinion vague and internally inconsistent.

Here, the ALJ did not consider many of the relevant factors in weighing the medical opinions. To the extent she did, the ALJ's rationale is unclear and appears to be based in part on an incorrect characterization of the evidence. Indeed, the above issues in the ALJ's decision preclude the Court from finding that there is a rational connection between the ALJ's conclusion and the medical evidence. See *Williams v. Bowen*, 859 F.2d at 256 (ALJ's determination "must demonstrate a rational connection between the agency's legal conclusion and the medical and lay testimony presented.").

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and **REMANDED** to the Commissioner, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with the above; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated: June 28, 2021
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge